# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1621V

| | |
|---|---|
| MICHELE NELSON RUPPERT,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2024 |

*Michael Avrim Firestone, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 19, 2018, Michele Nelson Ruppert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 26, 2015. Petition at 1. On November 30, 2023, I issued a decision awarding damages following briefing by the parties. ECF No. 69.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $62,181.82 (representing $61,536.88 for attorney's fees, $224.00 for attorney's costs, and $420.94 in Petitioner's out-of-pocket litigation costs). Petitioner's Application for Attorneys' Fees, filed June 26, 2024, ECF No. 73. In accordance with General Order No. 9, counsel for Petitioner represents that she incurred $420.94 out-of-pocket expenses. *Id.* at 1, 57. Respondent filed no response.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding damages. *See* Status Report, filed June 21, 2022, ECF No. 52; Petitioner's Memorandum in Support of Damages, filed Sept. 21, 2022, ECF No. 60. Petitioner's counsel expended approximately 24.10 hours drafting the damages brief. ECF No. 73 at 48-50. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 73 at 14-20, 57-58. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $62,181.82[3] as follows:**

- **A lump sum of $61,740.88, representing reimbursement in the amount of $61,536.88 for attorney's fees and $224.00 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael Avrim Firestone; and**

- **A lump sum of $420.94, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.